UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONZO R. TURNER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>S. BYER,<br><br>　　　　　Defendant. | No. 2:17-cv-1869-EFB<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On January 17, 2018, the court found service appropriate for defendant Byer. ECF No. 8. Plaintiff submitted the necessary documents for service on February 5, 2018, and Byer returned an executed waiver of service on March 6, 2018. ECF Nos. 11, 14. Byer thereafter failed to respond to the complaint, and the Clerk entered his default on June 18, 2018. ECF No. 18. Plaintiff then sought a default hearing. ECF No. 20.

The Court ordered the Clerk to serve the Supervising Deputy Attorney General with the complaint, screening order, the entry of default, and plaintiff's motion for a hearing. ECF No. 25. The court provided the deputy attorney general with 14 days to respond to the motion. *Id.* Defendant, represented by the attorney general, timely filed the instant motion to set aside entry of default in response to the court's order. ECF No. 27. Plaintiff has filed no opposition. The motion is granted for the reasons that follow, and plaintiff's "motion for default hearing" will therefore be denied.

**I.      Standard for Setting Aside Entry of Default**

"The court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). To determine if the moving party has shown good cause under Rule 55(c), the court considers three factors: (1) whether the party seeking to set aside entry of default engaged in culpable conduct that lead to the default; (2) whether the moving party lacks a meritorious defense; and (3) whether setting aside entry of default would prejudice the other side. *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). If the court finds any of the three factors to be true, that is sufficient to allow the entry of default to stand. *Id.* However, default judgment is disfavored and only appropriate in extreme circumstances. *Id.*

**II.     Analysis**

**a.     Defendant Did Not Act Culpably**

Defendant has provided the court with declarations establishing that he did not act culpably but that, instead, the entry of default was caused by a lapse on the part of his employer's litigation coordinator, who told defendant that he would request representation for him by the Office of the Attorney General but then mistakenly failed to do so. ECF Nos. 27-1 (Byers Decl.) & 27-2 (Alanis Decl.).

**b.     Defendant Does Not Lack a Viable Defense**

Defendant has also met his burden of showing that he does not lack a meritorious defense. To show this, defendant needed to merely allege sufficient facts that, if true, would constitute a defense. *Mesle*, 615 F.3d at 1094. Defendant alleges sufficient facts to support four potential defenses. First, he argues that plaintiff's claim is *Heck*-barred because plaintiff was convicted in state court of battery on defendant and success on his excessive force claim would necessarily undermine that conviction. ECF No. 27 at 6. Second, he argues that certain factual issues at play in this case have been decided by the jury in the state case and those findings should be given preclusive effect. *Id.* at 7. Third, he argues that a video of the altercation between plaintiff and defendant shows that he did not act with excessive force. *Id.* Lastly, he argues that he acted as a reasonable officer would under the circumstances and thus should be afforded qualified immunity. *Id.*

### c. **Plaintiff Will Not Be Prejudiced**

Defendant argues that plaintiff will not be prejudiced by setting aside the entry of default, and there is no indication otherwise. Being forced to litigate the case or deal with the rather minimal delay occasioned by the litigation coordinator's mistake in this case do not amount to prejudice, and plaintiff does not so claim. *See FOC Fin. Ltd. P'ship v. Nat'l City Commercial Capital Corp.*, 612 F. Supp. 2d 1080, 1085 (D. Ariz. 2009).

### III. Order

Defendant has met his burden of showing good cause for setting aside the clerk's entry of default. Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for default hearing (ECF No. 20) is DENIED;
2. Defendant's motion to set aside entry of default (ECF No. 27) is GRANTED; and
3. Within 14 days of the date of this order, defendant shall formally file his motion to dismiss or other response to the complaint in this action and serve the same on plaintiff.

DATED: July 16, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE