1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LAFONZO R. TURNER,                          No.  2:17-cv-1869-EFB P

12                      Plaintiff,

13         v.                                      ORDER AND FINDINGS AND
                                                   RECOMMENDATIONS
14    S. BYER,

15                      Defendant.

16

17         Plaintiff is a state prisoner proceeding with counsel in an action brought under 42 U.S.C.

18    § 1983.  Defendant Byers'[1] has filed a motion to dismiss pursuant to Fed. R. Civ. P.  12(b)(6).

19    ECF No. 38.  Plaintiff, through his appointed counsel, has filed an opposition (ECF No. 53) and a

20    motion to strike (ECF No. 52).  Defendant has filed a reply and opposition to the motion to strike.

21    ECF No. 54.  For the reasons stated hereafter, the motion to dismiss should be granted in part.

22                                        Legal Standards

23         A complaint may be dismissed under that rule for "failure to state a claim upon which

24    relief may be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to

25    state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its

26

27         [1] It appears – from defendant's motion and state court documents – that the proper
      spelling of the defendant's name is "Byers" rather than "Byer."  Thus, the court will use the
28    former spelling and direct the Clerk of Court to change the name on the docket.

                                                   1

1   face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility

2   when the plaintiff pleads factual content that allows the court to draw the reasonable inference

3   that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

4   (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability

5   requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.

6   *Iqbal*, 556 U.S. at 678.

7         For purposes of dismissal under Rule 12(b)(6), the court generally considers only

8   allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

9   subject to judicial notice, and construes all well-pleaded material factual allegations in the light

10  most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710

11  F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

12        Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal

13  theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d

14  at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the

15  claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

16  Analysis

17        I.      Request For Judicial Notice and Motion to Strike

18        Defendant premises part of his motion to dismiss on a video recording and requests that

19  the court take judicial notice of that recording in ruling on the motion to dismiss.  ECF No. 38-1.

20  Plaintiff moves to strike that video, ECF No. 52, which the court construes as an opposition to the

21  request for judicial notice.[2]  Plaintiff argues that the video – which depicts part of the altercation

22  between defendant and plaintiff underlying the excessive force claims at issue – cannot be

23  considered on a motion to dismiss under Rule 12(b)(6).  As plaintiff points out, the video is not

24  part of the complaint and thus is extrinsic material not properly considered in determining

25  whether the allegations of the complaint are sufficient to state a claim for relief.  Plaintiff also

26  argues that the video is inappropriate for judicial notice on a motion to dismiss.  *Id.* at 3-4.  For

27

28        [2] If the video is not appropriately considered on a Rule 12(b)(6) motion to dismiss, the
    proper remedy is to simply disregard it.

2

1    his part, defendant contends that the video – which was a court record in state criminal

2    proceedings against plaintiff - should be admitted because its authenticity is not subject to

3    dispute.  ECF No. 54 at 2.

4            The court finds a previous case in this district – which plaintiff has cited – persuasive on

5    this issue.  In *Knickerbocker v. United States*, Judge Drozd faced a similar request to take judicial

6    notice of video evidence on a motion to dismiss for the purpose of defeating an excessive force

7    claim.  No. 1:16-cv-01811-DAD-JLT, 2018 WL 836307, 2018 U.S. Dist. LEXIS 23603, *13

8    (E.D. Cal. Feb. 12, 2018).  Judge Drozd declined to take judicial notice of the video evidence and

9    reasoned:

10            [A] court may only take judicial notice of those matters contained in
             public records which are undisputed.  The government does not
11           merely wish the court to take judicial notice of the fact that these
             videos exist: it requests the court take judicial notice of the contents
12           of the video to purportedly show that the defendant rangers did not
             employ excessive force. This obviously is disputed by plaintiff, and
13           is far beyond the usual purposes of judicial notice.

14   *Id.* at * 15-16 (internal citations omitted).  The same distinction drawn by Judge Drozd is

15   meaningful here – defendant does not ask only that the court recognize the video's existence, he

16   requests that the court weigh its contents and determine whether excessive force occurred.  Such

17   weighing of evidence outside the pleadings is more appropriately reserved for a motion for

18   summary judgment, or trial.  *See*, *e.g.*, *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 1:05-

19   CV-00707 OWW SMS, 2008 U.S. Dist. LEXIS 25257, *14 n.4 (E.D. Cal. Mar. 28, 2008)

20   (declining to take judicial notice of scientific articles which were offered for the purpose of

21   demonstrating that defendant had knowledge of certain emissions and stating "[s]uch an analysis

22   involves a weighing of evidence as the matters are in dispute and would convert the Motion to

23   Dismiss to a summary judgment proceeding.").

24           Accordingly, defendant's request for judicial notice, ECF No. 38-1, is denied and court

25   will not consider the video evidence (Exhibit D), in ruling on the motion to dismiss.[3]  The court

26   finds it unnecessary to parse defendant's motion and strike specific lines, however.  Instead, it

27

28           [3] The relevant video DVDs were lodged at ECF No. 28.

3

1  will simply disregard any arguments that rely upon the video evidence.  Plaintiff's motion to

2  strike, ECF No. 52, is denied as moot.

3          II.        Motion to Dismiss

4          Defendant's motion to dismiss raises two[4] separate arguments, both of which are closely

5  related.  First, he contends that the excessive force claim at issue is barred, pursuant to *Heck v.*

6  *Humphrey*, 512 U.S. 477 (1994), by plaintiff's state criminal battery conviction in connection

7  with the relevant incident.[5]  Second, and relatedly, he contends that this action is barred by

8  collateral estoppel.  The court credits the first argument in part.

9          In his complaint, plaintiff alleges that, on September 14, 2013, he asked defendant Byers –

10  a correctional officer at Folsom State Prison – if he could use the restroom.  ECF No. 1 at 4.

11  Byers allegedly denied plaintiff's request.  *Id.*  Plaintiff alleges that, after asking and being denied

12  again, he began to urinate on himself.  *Id.*  Another officer then directed plaintiff to return to his

13  cell and, as he began doing so, Byers allegedly ordered plaintiff to stop and "strip out."  *Id.* at 5.

14  Plaintiff declined and stated "you know I have to use the bathroom."  *Id.*  Byers then allegedly

15  reached for plaintiff's arm and the latter pulled away in order to go to the toilet.  *Id.*  Plaintiff

16  reached the toilet and began urinating, at which point Byers allegedly pushed plaintiff in the back,

17  hit an alarm, and ordered plaintiff to cuff up.  *Id.*  A few minutes later, approximately fifteen

18  other officers arrived and Byers allegedly pushed plaintiff harder, causing the latter to hit his head

19  against the bathroom wall.  *Id.*  Plaintiff states that Byers' push caused him to turn and face the

20  officer, at which point the responding officers began to strike plaintiff.  *Id.*  Plaintiff states he

21          [4] The motion also raised two other arguments (including one for qualified immunity)

22  based on the video evidence that the court declines to consider.  To the extent defendant argues
    that a reasonable officer would not have known that repeatedly striking an inmate who had

23  already been subdued was unlawful, the court rejects that argument.

24          [5] As noted above, the court declines to take judicial notice of the video evidence submitted
    by defendant for the purpose of establishing that plaintiff's excessive force allegations are false.

25  It will, however, take judicial notice of the other state court records related to plaintiff's battery
    conviction.  *See Kasey v. Molybdenum Corp. of America*, 336 F.2d 560, 563 (9th Cir. 1964)

26  (federal courts may take judicial notice of state court records); *see also Smith v. Duncan,* 297 F.3d

27  809, 815 (9th Cir. 2002) (noting that, in the habeas context, federal habeas courts may take
    judicial notice of relevant state court records), *overruled on other grounds as recognized in Cross*

28  *v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

1   struck Byers in self-defense, but was ultimately pulled down and handcuffed. *Id.* at 6.   Byers

2   allegedly continued to punch and drive his knee into plaintiff even after the latter was restrained,

3   however. *Id.*

4          In the aftermath of the incident, plaintiff was charged and convicted of criminal battery.

5   *See* ECF No. 38-1 at 390.  The court records indicate that the jury was instructed (pursuant to

6   instruction number 2671) that:

7
8
9
> The People have the burden of proving beyond a reasonable doubt
> that Steven Byers was lawfully performing his duties as a custodial
> officer. If the People have not met this burden, you must find the
> defendant not guilty of Penal Code section 4501.5.

10
> A custodial officer is not lawfully performing his or her duties if he
> or she is using unreasonable or excessive force in his or her duties.

11
> Special rules control the use of force.

12
13
> A custodial officer may use reasonable force in his or her duties to
> restrain a person, to overcome resistance, to prevent escape, or in
> self-defense.

14
15
> If a person knows, or reasonably should know, that a custodial officer
> is restraining him or her, that person must not use force or any
> weapon to resist an officer's use of reasonable force.

16
17
18
> If a custodial officer uses unreasonable or excessive force while
> restraining a person or overcoming a person's resistance, or
> defending himself or herself from a person, that person may lawfully
> use reasonable force to defend himself or herself.

19
20
21
> A person uses reasonable force when he or she: (1) uses that degree
> of force that he or she actually believes is reasonably necessary to
> protect himself or herself from the officer's use of unreasonable or
> excessive force; and (2) uses no more force than a reasonable person
> in the same situation would believe is necessary for his or her
> protection.

22   ECF No. 38-1 at 383.

23          With the foregoing background in mind, the court turns to the question of whether *Heck*

24   bars the excessive force claim at issue.  Pursuant to *Heck*, a claim for damages which, if

25   successful, would necessarily imply the invalidity of a conviction may not succeed until and

26   unless the conviction is invalidated.  512 U.S. 477, 486-87 (1994).  At first blush, the question

27   seems straightforward in this case.  Plaintiff was undisputedly convicted of battery and, in

28   handing down the conviction, the jury necessarily determined that defendant Byers was

1    discharging his duties as a custodial officer lawfully and not using excessive force.  There is

2    certainly no question that the conviction bars any excessive force claim against Byers related to

3    actions taken before or during plaintiff's restraint.  Plaintiff argues, however, that *Heck* does not

4    bar all of his claims insofar as the jury was only asked to consider Byers' behavior up to the point

5    plaintiff was restrained.  ECF No. 53 at 12.  He claims that allegations pertaining to Byers'

6    actions which occurred *after* plaintiff was restrained are separate, were not weighed by the jury,

7    and a finding that they constituted excessive force would not necessarily imply the invalidity of

8    plaintiff's conviction.  *Id.*  The United States Court of Appeals for the Ninth Circuit has

9    recognized this distinction.  *See, e.g., Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001)

10   ("Excessive force used after the arrest is made does not destroy the lawfulness of the arrest").

11   And, in his complaint, plaintiff alleges that, after he was restrained, the restraining officers –

12   including Byers – continued to punch and kick him.  ECF No. 1 at 6.

13          The question, then, is whether the events alleged by plaintiff are amenable to such a

14   temporal separation.  The court concludes that, accepted as true (as they must be at this stage),

15   they are.  The allegations in the complaint may be sub-divided, as plaintiff suggests, into two

16   stages – the first in which he fought with Byers and the other restraining officers and the second

17   in which, after he was subdued and handcuffed, they allegedly continued to use force against him

18   unnecessarily.  In so finding, the court notes that the state court documents it has been provided

19   do not provide a specific delineation of what events the jury considered in rendering their

20   determination that Byers acted lawfully.  *See Sanford*, 258 F.3d at 1119 (noting that, in invoking

21   *Heck*, it is the defendant's burden to establish the basis of that defense).  It is certain that the

22   "first-half" events were considered in securing plaintiff's conviction – his refusal to submit to a

23   "strip out" and all subsequent events up to and including his subdual and handcuffing.  But only

24   those events would necessarily be relevant to the charge of battery and, thus, it is unclear whether

25   the other allegations plaintiff now levies were considered in the state proceedings.  Other courts

26   in this circuit have drawn distinctions between the conduct necessarily related to the conviction

27   and instances of alleged excessive force occurring that are related, but temporally distinct.  *See*,

28   *e.g.*, *Hooper v. County of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011) (a conviction for

1    resisting arrest does not *Heck*-bar a § 1983 excessive force claim if the conviction and § 1983

2    claim are based on separate events occurring during "one continuous transaction"); *see also Todd*

3    *v. Lamarque*, No. C 03-3995 SBA, 2008 WL 149138, 2008 U.S. Dist. LEXIS 6545, *29-31 (N.D.

4    Cal. Jan. 14, 2008) (section 1983 excessive force claim not barred by battery conviction where

5    excessive force claim based on separate event that was not necessarily implicated in battery

6    conviction).

7         For his part, defendant maintains that the events alleged by plaintiff are not separable.  He

8    contends that all of the events are part of a single act which the jury found plaintiff responsible

9    for.  ECF No. 38 at 15.  But that characterization is not evident from the allegations in plaintiff's

10   complaint – which this court looks to in adjudicating this motion.  Instead, plaintiff alleges that

11   there was an altercation to subdue him and which, pursuant to the court documents that have been

12   submitted, he was responsible for.  Then, after he was subdued and no longer a threat, there was

13   allegedly an additional use of force against him by Byers.

14        The foregoing determination also forecloses defendant's argument based on collateral

15   estoppel.  Under Ninth Circuit law,

16             [c]ollateral estoppel applies to a question, issue, or fact when four
               conditions are met: (1) the issue at stake was identical in both
17             proceedings; (2) the issue was actually litigated and decided in the
               prior proceedings; (3) there was a full and fair opportunity to litigate
18             the issue; and (4) the issue was necessary to decide the merits.

19   *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012).  Here, defendant has failed to show that

20   the remaining issue of excessive force meets the foregoing criteria.  There is not, for instance, any

21   evidence, that the allegation that excessive force was used after plaintiff was subdued was

22   actually litigated in the state criminal proceedings.

23                                    Conclusion

24        Based on the foregoing, it is ORDERED that:

25        1. Defendant's request for judicial notice of the video evidence submitted in support of

26   the motion to dismiss (ECF Nos. 28 and 38-1) is denied;

27        2. Plaintiff's motion to strike that video evidence (ECF No. 52) is denied as moot; and

28   /////

                                        7

1      3. The Clerk of Court shall randomly assign a United States District Judge to this case.

2      Further, it is RECOMMENDED that:

3      1. Defendant's motion to dismiss (ECF No. 38) be GRANTED in part;

4      2. All excessive force claims premised on Byers' alleged conduct prior to and including

5      plaintiff's restraint be DISMISSED without prejudice as *Heck*-barred; and

6      3. This action proceed based solely on the allegation that Byers used excessive force

7      against plaintiff after he was already subdued and restrained.

8      These findings and recommendations are submitted to the United States District Judge

9      assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

10      after being served with these findings and recommendations, any party may file written

11      objections with the court and serve a copy on all parties.  Such a document should be captioned

12      "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

13      within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

14      *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

15      DATED:  September 14, 2020.

16

17      EDMUND F. BRENNAN
        UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28