UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOFONZO R. TURNER,<br><br>             Plaintiff,<br><br>      v.<br><br>S. BYERS,[1]<br><br>             Defendant. | Case No.  2:17-cv-01869-WBS-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>ECF No. 69 |

On September 14, 2013, plaintiff was involved in an altercation with officers at the Sacramento County Main Jail, in which he alleges that defendant Byers handcuffed and then assaulted him. Defendant has moved for summary judgment on plaintiff's Eighth Amendment excessive force claim—the sole remaining claim—arguing that plaintiff failed to exhaust his administrative remedies.[2] I recommend granting defendant's motion.

---

[1] In his complaint, plaintiff identified defendant as "S. Byer," ECF No. 1 at 1, but defendant's last name is "Byers," *see* ECF No. 69-4 at 1. Accordingly, the Clerk of Court is directed to amend the case name to *Turner v. Byers*, 2:17-cv-01869-WBS-JDP.

[2] Plaintiff also alleged that Byers violated his Eighth Amendment rights by using excessive force prior to placing him in handcuffs. ECF No. 1. The court previously dismissed this claim, finding it barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF Nos. 56 & 59.

1

# Legal Standards

### A. Summary Judgment

A motion for summary judgment will be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see* Fed. R. Civ. P. 56. The moving party bears the burden of establishing that there is no genuine issue of material fact. *See Celotex*, 477 U.S. at 322-23. If the moving party meets that burden by "presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial, [Fed. R. Civ. P. 56(e)(2)] shifts to [the nonmoving party] the burden of presenting specific facts showing that such contradiction is possible." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 950-52 (9th Cir. 1978).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1). The court can consider other materials in the record not cited by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.

*Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**B. PLRA Exhaustion**

Under the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

To satisfy the PLRA's exhaustion requirement, a plaintiff's administrative appeals must "provide enough information . . . to allow [jail] officials to take appropriate responsive measures." *Griffin v. Arpaio*, 557 F.3d 1117, 1121 (9th Cir. 2009) (quoting *Johnson v. Testman*, 380 F.3d 691, 697 (2nd Cir. 2004)); *see also Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) ("A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress."). The Sacramento County Jail's grievance regulations "define the boundaries of proper exhaustion." *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009).

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 578 U.S. 632, 648 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 639. The Supreme Court has explained when an administrative procedure is unavailable:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates . . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use . . . . And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination,

3

>misrepresentation, or intimidation . . . . [S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 643-44 (citations omitted); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies."). If the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). *See Jones v. Bock*, 549 U.S. 199, 223-24 (2007); *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**Analysis**

Plaintiff filed one grievance related to the altercation with defendant, SAC-P-13-2475. ECF No. 69-5 at 14-16. On the initial grievance form, plaintiff checked a box indicating that he wanted to waive an interview but requested a "use of force interview" and "all other actions in accordance with the law." *See* ECF No. 69-5 at 27. Both the first- and second-level reviewers granted plaintiff's grievance in part; they authorized plaintiff's request for an interview but denied his request for "all other actions in accordance with the law." ECF No. 69-5 at 13, 18. Both decisions noted that on October 13, 2013, two correctional officers had attempted to conduct a use-of-force interview, but plaintiff had refused to participate in the interview. *Id.*

At the third level, plaintiff's appeal was canceled because he refused to be interviewed. ECF No. 69-5 at 27 ("While [plaintiff] clearly indicated his intent to waive his right to be interviewed, [he] thereafter refused to be interviewed by the reviewer at the First Level of Review and the Second Level of Review which is in violation of the California Code of Regulations."). The third-level reviewer notified plaintiff that he could not resubmit the canceled appeal, but he could file a separate appeal challenging the cancellation decision. *Id.* Plaintiff did not do so.

Plaintiff first argues that he exhausted his administrative remedies because his appeal was reviewed at the third level. An appeal is exhausted when it results in a third-level grant or denial—but not a cancellation. *Vaughn v. Hood*, No. 2:14-CV-2235-MCE-KJN, 2015 WL 5020691, at *10 (E.D. Cal. Aug. 21, 2015) ("Because plaintiff is required to receive a third level

4

decision, not a cancellation, the cancellation of plaintiff's third level appeal cannot serve to exhaust plaintiff's claims."); 15 Cal. Code Regs. § 3084.1(b) ("[A] cancellation or rejection decision does not exhaust administrative remedies."). Thus, he failed to exhaust his administrative remedies.

Plaintiff also argues that he should be excused from exhausting his administrative remedies. He argues that administrative remedies were unavailable to him, since the grievance system acted as a "dead end" and the prison canceled his appeal after seven or eight months. ECF No. 76. While an administrative remedy may be unavailable if a grievance system "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," *Ross*, 578 U.S. at 643—that is not the case here. There is no indication that officers were unwilling or unable to provide plaintiff with his requested relief (an interview). Indeed, the record shows that officers tried to set up an interview, but plaintiff refused to participate. Furthermore, plaintiff's assertion that the system was unworkable because the grievance process consumed seven or eight months is meritless; the prison acted in each case within the allotted timeframe.[3]

Finally, plaintiff argues that his appeal was erroneously canceled. The Ninth Circuit has explained that "[t]he obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.'" *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). Here, plaintiff had an available remedy: challenge the cancellation decision. *See* Cal. Code Regs. tit. 15, § 3084.6(a)(3). Thus, even assuming that his appeal was improperly canceled, his failure to file a separate grievance challenging the cancellation foreclosures his argument administrative remedies were available. *See Cortinas v. Portillo*, 754 F. App'x 525, 527 (9th Cir. 2018) ("[B]ecause

---

[3] Plaintiff submitted grievance SAC-P-13-2475 on September 26, 2013, and the first-level decision was issued October 20, 2013, within the prison's thirty-day deadline. Cal. Code Regs. tit. 15, §§ 3084.8(c)(1), (2). Plaintiff submitted his appeal to the second level of review on October 28, 2013, and the second-level decision was issued on November 12, 2013, within the thirty-day deadline. *Id.* Plaintiff submitted a response to the third level of review on December 12, 2013, and the third-level reviewer issued a decision on February 10, 2014, within the applicable sixty-day deadline. *Id.* at § 3084.8(c)(3).

[plaintiff] could have appealed his cancellation decision . . . . the improper cancellation of his appeal did not render administrative remedies effectively unavailable to him.").

Accordingly, the Clerk of Court is directed to amend the case name to *Turner v. Byers*, 2:17-cv-01869-WBS-JDP.

Further, it is RECOMMENDED that:

1. Defendant's motion for summary judgment, ECF No. 69, be granted.

2. Plaintiff's claims be dismissed without prejudice for failure to exhaust administrative remedies.

3. The Clerk of Court be directed to close the case.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court.  Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    May 24, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE